UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>MIRNA BIERMAN, et al.,<br><br>Defendants. | Case No. 23-cv-03813-LJC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that various defendants at the Correctional Training Facility (CTF) in Soledad, CA violated his constitutional rights by referring him for mental health treatment. He was granted leave to proceed *in forma pauperis* by separate order. ECF 22. The court now reviews plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons identified below, the complaint will be dismissed and plaintiff will be granted leave to amend to correct the deficiencies identified.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Allegations

Plaintiff names as defendants his Prison Industry Authority (PIA) supervisor Mirna Bierman and three correctional officers named Espinoza, Rivera, and Sanchez. ECF 1 at 1. Plaintiff reported a work harassment issue involving Randy Williams to defendant Bierman on November 19, 2021, and subsequently experienced direct retaliation from Bierman in the form of referring him to the mental health system and removing him from his PIA job. *Id.* at 12. Defendant Bierman wrote:

> "[Plaintiff is] always complaining about everything and always implying that he is going to do what he does best and that we know what that is as he has been in the law library and he has helped many politicians get where they are, including the president. He continually complaints about other workers talking about him and us as supervisors allowing them and believing their lies. . . Deponte is scaring me more every day and when I advised him that I was going to refer him to mental health because I believed he needed help, he threatens me with a civil lawsuit stating he was going to take from me everything I had including my house . . . ."

*Id.* at 16. Plaintiff was told not to speak to his supervisor. *Id.* at 9, 17. "[C]ustody used inmates to create a safety issue that continues to follow [plaintiff] to every institution to keep [him] from programming." *Id.* at 3. He is given an order everywhere he goes to either sign a safety form or go to Ad Seg. *Id.* Defendant Espinoza revealed his confidential information to inmates. *Id.* at 4. Defendant Rivera abused her power to break HIPAA laws and filed an erroneous mental health referral out of direct harassment "also direct retaliation for me filing confidential information against this officer." *Id.* at 11.

Plaintiff was placed in a mental hospital for six months and suffered mental anguish and lost his job. *Id.*

Plaintiff asks for his mental health records to be "cleared" as well as 20 million dollars and back pay, for the 602s to be removed from his C-file, for the defendants' pensions, houses, and investments and for mental health referrals to not be authorized by custody ever again. *Id.* at 6.

### C. Analysis

"Within the prison context, a viable claim of First Amendment retaliation entails five basic

3

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Causation requires showing that the prison official intended to take the adverse action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some other reason. *Shepard v. Quillen*, 840 F.3d 686, 689-91 (9th Cir. 2016).  Evidence probative of retaliatory animus includes proximity in time between the protected speech and the alleged adverse action, the prison official's expressed opposition to the speech, and that the prison official's proffered reason for the adverse action was false or pretextual. *See id.* at 690.

The First Amendment protects the right of prisoners to file grievances about the conduct of prison staff and correctional officers and prohibits officers from subjecting prisoners to adverse actions in exchange.[1]  *See*, *e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  It also protects their right to make oral or written threats to bring lawsuits. *Entler v. Gregoire*, 872 F.3d 1031, 1034, 1038-40 (9th Cir. 2017).

Plaintiff has not provided enough detail about what protected activity he believes defendants are retaliating against him for engaging in.  He says he reported a work harassment issue but has not provided any detail about what type of harassment he reported and whether the person who harassed him at work was another prisoner or a CDCR employee.  Plaintiff has not explained, if he was reporting harassment by another prisoner, what motive defendants had to retaliate against him for it.  In addition, records submitted by plaintiff show that he was previously referred to mental health in 2020, before the time that he reported the harassment issue at work. ECF 1 at 18-19.  Defendant Espinoza wrote in August of 2020 that plaintiff "has been acting strange out of character, harder to deal with later hours of night, talk too much." *Id.* At 18.

---

[1] Plaintiff also invokes the Eighth, Fourteenth, Sixth, Fifth, and Thirteenth Amendments, but makes no allegations regarding any constitutional violations other than the First Amendment retaliation claim.  As for plaintiff's references to HIPAA, private individuals, including prisoners, have no right under federal law to sue for HIPAA violations. *See*, *e.g.*, Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1081 (9th Cir. 2007).

Defendant Sanchez wrote in August of 2020 that plaintiff "has not been acting his normal self, seems to be confused, up all night, out of his normal character." *Id.* At 19.  These referrals took place before plaintiff spoke to defendant Bierman in November 2021.  If plaintiff believes defendants Espinoza's and Sanchez's 2020 mental health referrals were retaliation for some protected conduct on his part, he must explain to the Court what for.  He states that he "filed confidential information against" defendant Rivera but does not explain what that means.  He makes no specific allegations against defendant Sanchez.  Plaintiff must explain why defendants were retaliating against him.

Plaintiff is also cautioned that unrelated claims against different defendants must be alleged in separate complaints.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Plaintiff's amended complaint must demonstrate that all the defendants were involved in similar or related conduct against him.

The Court will allow plaintiff to prepare a proper amended complaint that is consistent with federal pleading standards.[2]  As explained above, plaintiff must correct the deficiencies outlined above.  He must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C. § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.  There can be no liability under section 1983 unless

---

[2] Plaintiff's motion for leave to file an amended complaint (ECF 24) is accordingly GRANTED. Plaintiff's amended complaint must comply with the instructions in this Order.

5

1    there is some affirmative link or connection between a defendant's actions and the claimed

2    deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.

3    1980).

4          Plaintiff may not simply attach documents to his amended complaint and rely upon the

5    court to parse through them to discover sufficient allegations to support his claims for

6    relief.  Rather, it is plaintiff who must pull from his supporting documentation the allegations

7    necessary to state a cognizable claim for relief under Section 1983, and he must include those

8    allegations in his complaint.

      **D.**      **Plaintiff's Motion to Compel Prison to Release Prisoner from Ad-Seg, Mental Health to Return Documents, and to Stop Tampering with Petitioner's C-File**

11         Plaintiff's motion (ECF 23), which the Court construes as a motion for a preliminary

12   injunction or temporary restraining order (TRO), is DENIED without prejudice.

13         Plaintiff informs the Court that he was placed in administrative segregation on September

14   5, 2023 for safety concerns and sent to a crisis bed.  ECF 23 at 1.  He alleges that "mental health is

15   directly retaliating to alter my civil law suite" and "Soledad State Prison staff members are e-

16   mailing CMF to sabotage a defense made by petitioner." *Id.*  He asks the Court to be placed into a

17   witness protection program. *Id.*  He states he reported crimes against the federal government and

18   sent legal mail to the FBI, and his life is in danger. *Id.* at 1-2.  He requests a "protection order . . .

19   away from the federal government." *Id.* at 2.

20         Plaintiff states that officers watched him collapse on April 14, 2023 from an adverse effect

21   of a medication and refused to allow him to go man down. *Id.*  He alleges the CMF library

22   illegally made extra copies of his lawsuit and passed them out to staff and inmates and they are

23   stealing his legal documents and tampering with all his legal information. *Id.*  He also alleges

24   "they are . . . trying to change my abstract of judgment from 50 years to life to a death penalty."

25   *Id.*

26         Prior to granting a preliminary injunction, notice to the adverse party is required.  See Fed.

27   R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the

28   parties to the action are served.  <u>See</u> <u>Zepeda v. INS</u>, 753 F.2d 719, 727 (9th Cir. 1983).

1  A TRO may be granted without written or oral notice to the adverse party or that party's
2  attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified
3  complaint that immediate and irreparable injury, loss or damage will result to the applicant before
4  the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's
5  attorney certifies in writing the efforts, if any, which have been made to give notice and the
6  reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

7  A temporary restraining order preserves the status quo and prevents irreparable harm until
8  a hearing can be held on a preliminary injunction application.  *See Granny Goose Foods, Inc. v.*
9  *Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  A temporary restraining
10 order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear
11 showing that he is entitled to such relief.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24
12 (2008).  The substantive standards for a temporary restraining order are the same as those for a
13 preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d
14 832, 839 n.7 (9th Cir. 2001).  A plaintiff must demonstrate (1) a likelihood of success on the
15 merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the
16 balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public
17 interest.  *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and
18 immediate.  *See id.* at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668,
19 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to
20 establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to
21 preliminary injunctive relief.").

22 Plaintiff's complaint has not been served, and the defendants have not received notice;
23 therefore, the Court cannot issue a preliminary injunction at this time.  Nor is a TRO warranted.
24 Plaintiff has not described his efforts to serve the motion on defendants nor has he shown by
25 affidavit or verified complaint that he will experience immediate and irreparable injury, before the
26 defendants can be notified and respond, absent the Court's intervention.  He has not met the
27 procedural requirements of Rule 65, nor has he demonstrated substantively that he meets the four
28 requirements for an injunction.  Plaintiff's allegations are vague and unrelated.  He seeks

7

protection from the federal government, but he is in state prison custody. He does not identify immediate or irreparable harm that will ensue from any of his allegations against state actors.

If the Court orders service of plaintiff's first amended complaint or a subsequent amended complaint, plaintiff may then renew his request for a preliminary injunction. He also may include, in his First Amended Complaint, allegations of retaliation related to the underlying claims in his lawsuit.

## CONCLUSION

1. The Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and must include the caption and civil case number used in this order, 23-cv-03813-LJC, and the words "AMENDED COMPLAINT" on the first page. Because **an amended complaint completely replaces the original complaint**, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. This Order terminates Docket Numbers 23 and 24.

**IT IS SO ORDERED.**

Dated: October 17, 2023

LISA J. CISNEROS
United States Magistrate Judge