UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ARTHUR DEPONTE,

Plaintiff,

v.

MIRNA BIERMAN, et al.,

Defendants.

Case No. 23-cv-03813-LJC

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that various defendants at the Correctional Training Facility (CTF) in Soledad, CA violated his constitutional rights by referring him for mental health treatment. He was granted leave to proceed *in forma pauperis* by separate order. ECF 22. The court dismissed Plaintiff's complaint and granted him leave to amend. ECF 27. Plaintiff's First Amended Complaint (FAC) (ECF 30) is now before the Court for review. For the reasons identified below, the Court again dismisses the complaint with leave to amend.

# DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed.

1 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2       Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Allegations**

Plaintiff does not explicitly list the defendants in his FAC, but he refers to Mirna Bierman, as well as Officers Espinoza, Sanchez, and Rivera. He states that all defendants deprived him of "his right to be free from work harassment, equal rights to work." ECF 30 at 2. He says, "staff used a blameworthy act intentionally withholding information of mental health referrals as an adverse action to plaintiff." *Id.* He "filed several complaints and they were never appropriately referred to Division I Department of Consumer Affairs." *Id.* at 2-3. Various prisons "bypassed the investigations by keeping the complaints in the jurisdiction of CDCR." *Id.* at 3. Plaintiff filed a complaint against CTF Officer Espinoza, and Officers Espinoza and Sanchez started filing mental health referrals out of retaliation immediately after the complaint. *Id.*

Plaintiff reported confidentially that Officer Rivera was bringing in drugs. Officer Rivera's sister, who works for the Investigative Service Unit, shared this information with Officer Rivera. Officer Rivera subsequently began filing false mental health referrals in retaliation. *Id.* Plaintiff "never had any documented history of referrals being in prison for 20 years" prior. *Id.* Espinoza, Sanchez, and Rivera were all partners and therefore the others retaliated on behalf of Rivera. *Id.* at 8.

Plaintiff also describes an issue at work, in which he reported being harassed by fellow inmate worker Randy Williams, and then he faced retaliation by his supervisor Defendant Bierman. *Id.* at 5. His sewing machine was not fixed, and he was not given work, while others were being given work. *Id.* Plaintiff was told to stop looking at Defendant Bierman's butt. *Id.* Defendant Bierman also filed a retaliatory mental health referral after meeting with Plaintiff about the fellow inmate worker. *Id.* at 6. Defendant Bierman "has been insubordinate with inmates." *Id.*

Plaintiff also says that California Medical Facility (CMF) education fraudulently changed his Test of Adult Basic Education (TABE) score to disqualify him. *Id.* at 8. He was placed in ad seg for safety concerns that he did not have, which was also retaliation. *Id.* He was transferred from CMF to Substance Abuse Treatment Facility (SATF) on October 25, 2023, as an adverse action to interfere with his ability to respond to this Court's order to amend his complaint, which

3

Plaintiff received on October 24, 2023. *Id.* at 8.

"All defendants created false reports to where plaintiff is discriminated against and can not be hired in a skilled position." *Id.* at 9. Plaintiff alleges an 8th Amendment violation of "deliberate indifference the defendants failed after being informed of the violation through a report and appeal failed to remedy the wrongs." *Id.* at 9. He states his rights to be free from discrimination in the workplace were violated by favoritism against him. *Id.* at 9. Plaintiff "asserts various constitutional claims related to his confinement to [Enhanced Outpatient Program] placement, crisis beds, Coalinga State Hospital, being fraudulently disqualified and illegally diagnosed." *Id.* at 9.

Plaintiff also filed a letter with the Court dated October 30, 2023, stating that he was transferred out of retaliation when "CDCR created another safety issue with a false confidential," and that he was not being allowed to access the law library at SATF. ECF 31. He also filed documents which he referred to as "prima facie evidence against CMF peace officer A. Fortson," who was not named as a defendant in plaintiff's original or amended complaint. ECF 32. He filed a letter stating that he filed a 602 grievance about Captain Sloan at SATF, and that Captain Sloan interviewed him for the grievance on December 14, 2023, and the next day he was assaulted by other inmates in retaliation. ECF 33.

Plaintiff also filed a letter stating that he is "receiving interference with [his] legal case." ECF 34. His brother read his case on the computer, and someone filed false reports saying that plaintiff is walking around the dayroom talking to himself. *Id.* at 1. His package was given to someone else. *Id.* He needs a stent in his heart and is being refused treatment. *Id.* He has a constant throbbing in his mouth that has been left untreated. *Id.* at 1-2. He was retaliated against by being transferred and housed in a dorm where everyone is using drugs. *Id.* at 2. The prison is blocking his calls to senators and his mother. *Id.* He was sexually assaulted by a mental health recreational therapist in retaliation for a complaint he filed at CMF about Officer Fernandez sexually assaulting him. *Id.* at 3. The prison is trying to make him look delusional to prevent him from his First Amendment rights, and someone is trying to get involved in his case. *Id.* at 2-3.

**C.    Analysis**

4

1    Plaintiff has not sufficiently corrected the deficiencies identified in the Court's October 17,

2  2023 Order.  ECF 27.  He appears to raise two separate issues in his amended complaint:

3  retaliation by Officers Espinoza, Rivera, and Sanchez for a complaint he made about Officer

4  Espinoza and/or a report that he made about Officer Rivera, and retaliation by Defendant Bierman

5  for plaintiff's complaint about a fellow inmate worker.  He has not identified any connection

6  between the two, and they therefore are not appropriately part of the same lawsuit.

7    "Within the prison context, a viable claim of First Amendment retaliation entails five basic

8  elements: (1) An assertion that a state actor took some adverse action against an inmate

9  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

10 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

11 correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

12   Plaintiff must identify the date or approximate date of his complaint about Defendant

13 Espinoza and the date or approximate date that he made a confidential report about Defendant

14 Rivera, and the approximate dates those defendants and Defendant Sanchez began referring him to

15 mental health treatment in alleged retaliation.  The Court does not currently have enough

16 information in the FAC to determine whether there was proximity in time between plaintiff's

17 complaints and the alleged retaliatory conduct.

18   Plaintiff's allegations regarding Defendant Bierman do not state a plausible First

19 Amendment retaliation claim.  Plaintiff's complaint about another inmate worker does not appear

20 to have been protected conduct.  Protected conduct includes accessing the courts, using prison

21 grievance procedures, and filing lawsuits or threatening to file lawsuits against prison staff.

22 Prisoner workers may have protections from Title VII against harassment at work, *see Moyo v.*

23 *Gomez*, 40 F.3d 982, 985 (9th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); but Title VII's

24 protections only prohibit harassment on the basis of race, color, religion, sex, or national origin.

25 *Bostock v. Clayton County*, 140 S.Ct. 1731, 1741-42 (2020).  Plaintiff has no constitutional right

26 to be spared from general harassment at work in prison.  Even if Plaintiff's complaint about Randy

27 Williams were protected conduct, Plaintiff has not plausibly alleged that Defendant Bierman

28 referred Plaintiff to mental health in order to retaliate against him or punish him for his complaint

5

about inmate Randy Williams.  In fact, he notes that the allegations in the "referral had nothing to do with plaintiff's complaint."  ECF 30 at 6.

Nor do Plaintiff's allegations regarding his workplace issue state a Fourteenth Amendment equal protection claim.  Defendant Bierman's treating other inmate workers with "favoritism," ECF 30 at 6, does not constitute a violation of plaintiff's constitutional rights.  To state a claim for unconstitutional discrimination in violation of the Fourteenth Amendment, plaintiff would have to allege that he is part of a protected class of people, such as a specific racial group, and that Defendant Bierman treated him differently because of his membership in that group.  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff makes allegations in his other filings with this Court regarding individuals who are not named in this lawsuit.  If Plaintiff wishes to make allegations against these individuals, including any CMF or SATF staff, he must name them as defendants in the Second Amended Complaint (SAC) and he must explain what they did that deprived him of his rights, and how it related to what other defendants did to deprive him of his rights.  He should not include allegations against different defendants about different, unrelated incidents in his SAC.  Plaintiff's SAC must demonstrate that all the defendants were involved in similar or related conduct against him.  Different defendants retaliating against Plaintiff for different, unrelated reasons does not suffice as similar or related conduct.

The Court will allow Plaintiff to prepare a Second Amended Complaint that is consistent with federal pleading standards.  He should provide additional details about the alleged retaliation by defendants Espinoza, Rivera, and Sanchez, on behalf of themselves and/or each other, against him for reports and complaints he made about all or some of them.  Any unrelated claims against other defendants must be brought in a separate lawsuit.

Plaintiff may not simply attach documents to his SAC and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief.  Rather, it is plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his SAC.

### D. Plaintiff's Request for Counsel

Plaintiff's request for appointment of counsel (ECF 26) is denied. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

At this stage, the likelihood of Plaintiff's success on the merits is not high, and the legal issues are not unduly complex. Plaintiff's motion is DENIED without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### CONCLUSION

1. The First Amended Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The Second Amended Complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and must include the caption and civil case number used in this order, 23-cv-03813-LJC, and the words "SECOND AMENDED COMPLAINT" on the first page. Because **an amended complaint completely replaces the original complaint**, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. He should explain the facts to the Court as though it is his first time doing so. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

7

1  Procedure 41(b).

2      3.    The Clerk shall include a copy of the court's complaint form with a copy of this
3  order to plaintiff.

4      4.    This Order terminates ECF 26.

5  **IT IS SO ORDERED.**

6  Dated: February 9, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge