UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>MIRNA BIERMAN, et al.,<br><br>Defendants. | Case No. 23-cv-03813-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend plaintiff filed a second amended complaint.

### DISCUSSION

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that officials at many prisons retaliated against him for protected conduct. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff's original complaint was difficult to understand. Plaintiff stated that in 2021 he reported harassment at his prison job and then suffered retaliation through the prison mental health

2

1   system and the loss of his job.  However, plaintiff provided no information regarding the

2   harassment and how the retaliation was related to his reporting of it.  The Court noted that some of

3   the alleged retaliation regarding the mental health system occurred before plaintiff's reporting of

4   the harassment.  Plaintiff also described other adverse acts that were taken against him by prison

5   officials but did not describe how it was related to his original report of harassment.  The original

6   complaint was dismissed with leave to amend to address these deficiencies.

7         Plaintiff's amended complaint failed to provide any clarity.  With respect to the reporting

8   of harassment, plaintiff stated that he told a supervisor that another inmate was staring at a

9   supervisor's body and then plaintiff was moved to a different workspace with a malfunctioning

10  sewing machine.  Plaintiff also raised a new claim stating that he had reported a prison staff

11  member for bringing in drugs, and was subsequently subjected to mental health referrals by

12  defendants.  Plaintiff again failed to identify any protected conduct and how the adverse actions

13  were related to such conduct.  Overall, the allegations were conclusory and some of the alleged

14  retaliation occurred at a different prison.

15        The amended complaint was dismissed with leave to amend.  Plaintiff was instructed to

16  provide more information regarding his protected conduct regarding the other inmate and the work

17  harassment.  Plaintiff's statements about another inmate's behavior did not appear to be protected

18  conduct.  Plaintiff was also advised to identify the approximate date of his protected conduct

19  regarding the staff member bringing in drugs and the approximate dates that he was referred to

20  mental health treatment.

21        The second amended complaint did not improve the prior pleading shortfalls.  It does not

22  address any of the original claims or defendants or the deficiencies noted by the Court.  Instead,

23  plaintiff refers the Court to his previous complaints and the allegations.  The second amended

24  complaint contains allegations of unrelated incidents at several other prisons in 2023 and 2024.

25  Plaintiff states that all these new incidents are retaliation from the 2021 incidents in the original

26  complaints, but provides no support.  He states that a prison official failed to investigate an

27  assault, he was placed in Administrative Segregation, there was mold and asbestos in his cell, a

28  prison official changed plaintiff's reading level score in his file, he was assaulted by other inmates

and his cell flooded.

Plaintiff was advised that unrelated claims against different defendants should be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way -- that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Plaintiff has been provided multiple opportunities to plausibly allege retaliation. His conclusory allegations are insufficient, and he did not address the deficiencies noted by the Court. The retaliation claims are dismissed without leave to amend. The new claims in the second amended complaint are dismissed because they are entirely unrelated and occurred over several years at multiple prisons, many not in this district. Plaintiff may pursue those claims in separate actions in the districts where they occurred.[1]

## CONCLUSION

This action is dismissed without leave to amend. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: May 13, 2024

JAMES DONATO
United States District Judge

---

[1] The Court already transferred a separate case from plaintiff regarding the altering of his reading level score to the Eastern District of California. *See DePonte v. Bowman*, Case No. 24-1414 JD.

4